ACUTRNX, INC., Plaintiff,

v.

MULTISPEC, LTD.; Multispec, Inc.; Foss Food Technology Corp.; and A/S N. Foss Electric, Defendants.

No. Civ–86–820E.

United States District Court, W.D. New York.

Dec. 1, 1988.

John Benjamin Carroll, P.C., Syracuse, N.Y., for plaintiff.

John R. Doyle, David Marx, Jr., Josh M. Leavitt, Chicago, Ill., James M. Kieffer, Buffalo, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Pursuant to defendant Multispec, Inc.'s motion, summary judgment has been granted on its counterclaim. Such defendant's prayer for attorney's fees, as a sanction under Fed.R.Civ.P. rule 11, has been

taken under advisement. Such defendant has submitted, in support of its right to such award, its well-founded contention that the plaintiff's denial in its reply of the right of Multispec, Inc. to recover of the plaintiff on said counterclaim was entered in clear disregard of the facts as the plaintiff knew them to be or, upon reasonable investigation, ought to have known them to be. An award of attorney's fees on such defendant's motion for summary judgment is, on such basis, warranted and this Court must decide the quantum thereof. The plaintiff's contention that attorney's fees are not allowable in the absence of an agreement to pay such misses the mark.

Submitted in support of the plea for fees is the affidavit of David Marx, Jr. (sworn to November 11, 1988) to which he has attached what this Court takes to be excerpts from Mr. Marx's law firm's time records. The firm is McDermott, Will & Emery, a large legal service entity by any yardstick. According to the 1987 edition of Martindale–Hubbell's Law Directory it boasts of 120 partners and 91 associates, plus some who are "of counsel." Mr. Marx notes that the work on the motion for summary judgment was performed by John R. Doyle, Esq. ("a senior partner in the firm"), himself ("a partner in the law firm") and Josh M. Leavitt, Esq. ("an associate"). He contends that all three "assisted" in the preparation of the "motion," the papers for which were initially drafted in the late Summer of 1987. A hiatus then occurred, Mr. Marx avers, due to ongoing but ultimately unsuccessful settlement negotiations. When such were unavailing, the papers were updated and finalized and filed in the Fall of 1988. None of the three appeared at the return of the motion in this Court October 31st, the only appearance being by Julie M. Bargnesi, Esq. from Damon & Morey of Buffalo, the law firm designated as such defendant's local counsel, who told this Court that the motion for summary judgment was unopposed.

The lawsuit had been initiated in the New York Supreme Court and was removed to this Court August 26, 1986 pursuant to a Petition signed by Mr. Leavitt as one of the attorneys for all four defendants. The names of Messrs. Doyle, Marx and Leavitt are typed on the Petition's signature page as are the names of their law firm and of James M. Kieffer, Esq. (a partner in the firm of Damon & Morey), of Mary K. Knauf (a partner or associate in the latter firm) and of Damon & Morey. All are proclaimed to be the attorneys for the petitioning defendants. The Notice of Appearance for the defendants was filed August 29, 1986 and was signed by Mr. Kieffer but bore the typed names of all of the others. On September 8, 1986 a Motion to Dismiss a part of the Complaint was filed; it was signed by Mr. Leavitt. Defendants' Answer, including the Counterclaim by defendant Multispec, Inc., was filed September 8, 1986. Again, this was signed by Mr. Leavitt with all other names (and his) typed in. Significantly, the Counterclaim clearly and sufficiently alleges the delivery of goods by Multispec, Inc. to the plaintiff and the plaintiff's failure to pay therefor. This Court is entitled to assume, as it does, that Mr. Leavitt had reasonably inquired concerning these matters and had satisfied himself, as is required by rule 11, that what was set forth was well grounded in fact. The Reply was filed September 24, 1986. This Court's Memorandum and Order granting the defendants' motion to dismiss was filed August 19, 1987 and the Motion for Summary Judgment was filed September 27, 1988. The Notice of Motion and the Motion were signed by Mr. Kieffer (again with all other names [other than Mr. Leavitt's] shown) and were accompanied by an Appendix of not more than a moderate bulk. This Court's appraisal of the substance of these documents is that, in the main, they well could have been compiled by a competent paralegal with lawyer direction, oversight and review. The Memorandum, submitted with and in support of said motion is a seven-page presentation of "Hornbook law" concerning the grantability of the requested summary judgment. It was signed by Mr. Kieffer as one of Multispec, Inc.'s attorneys. An opposing memorandum was not filed and no other opposition seems to have been encountered.

An analysis of the work done on this simple and straightforward motion is en-

lightening as is a columnar presentation of what work was done on the motion papers and when. At the outset it must be noted that the plaintiff filed its Answers to the defendants' Interrogatories February 3, 1987 and supplemented such responses June 15, 1987. A package of documents 2½″ thick was filed February 3rd in response to defendants' Demand for Production of Documents. Consequently, these attorneys had all of the factual material they needed by the time Mr. Doyle talked with the client July 27, 1987 about moving for a summary judgment on the Counterclaim. The aforementioned Appendix to this defendant's motion papers is comprised of a copy of the distributorship agreement, a copy of the plaintiff's Answers to Defendants' Interrogatories, two copies of an Exhibit A to such answers, copies of correspondence between the parties' lawyers dated April 10, 1987 and April 27, 1987 (both having to do with the plaintiff's upcoming supplemental answers) and Lexis copies of two memorandums and orders of the United States District Court for the District of Kansas in a totally unrelated case.

The aforementioned analysis shows that Mr. Doyle (listed 70th in the hierarchy of the law firm's partners and 38 years of age and admitted to the bar for about eleven years) devoted ten hours to this labor. He talked to the client at the outset and during the time the papers were being reviewed and after a hiatus during which the settlement was pursued. He commenced his work on this motion July 30, 1987 and met five times for a total of three hours with Mr. Leavitt (28 years of age and admitted to the bar for two years), Mr. Marx (108th in the hierarchy and of about Mr. Doyle's age and experience) attending the first meeting which consumed a half hour. Thereafter Mr. Leavitt researched and drafted and drafted and drafted and revised and revised for a total of 23 hours. Mr. Leavitt's last-noted labor was August 20, 1987 when he talked by telephone with Damon & Morey (which firm, incidentally, did no work for which compensation is now sought) for fifteen minutes about the filing of the motion. On the following day—a Friday—Mr. Doyle spent an hour reviewing

the motion papers, evidently unhappily for, as noted, Mr. Leavitt did no more work thereon and Mr. Marx devoted a part of his Sunday to reviewing the papers. Messrs. Doyle and Marx met briefly on Monday. Thereafter Mr. Marx devoted 14.25 hours to a revision of the papers, with Mr. Doyle being involved once for an hour for the same purpose. After the hiatus Mr. Marx devoted an additional seven hours to the matter. Although Mr. Marx now swears that the eleven-month hiatus necessitated a revision of the papers, such claim has no apparent fundament.

The end result of this Court's consideration of these attorneys' claim to a reimbursement for time devoted to this motion is that, regardless of the aforesaid basic justification for an award of fees due to the frivolity of the plaintiff's Reply to this defendant's Counterclaim, the claim is so far-reaching and unjustified and ludicrous that fees must be denied. This Court has such discretion and rule 11 can work in both directions.

Accordingly, it is hereby ORDERED that the motion by and on behalf of defendant Multispec, Inc. is denied.